UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MARTIN MASLONKA,

    Plaintiff,

v.

MASTEC, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Martin Maslonka, for his Complaint against Defendant, MasTec, Inc., alleges as follows:

### NATURE OF THE ACTION

1.  This is an action seeking a declaratory judgment confirming that Martin Maslonka, an individual, is no longer bound by, and MasTec, Inc. cannot enforce, certain restrictive covenants set forth in an Agreement and Plan of Merger Dated November 16, 2010 between the parties (the "Merger Agreement").

### THE PARTIES

2.  Plaintiff, Martin Maslonka ("Maslonka") is a citizen of Nevada.

3.  Defendant, MasTec, Inc. ("MasTec") is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

### JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).

5.  The parties are citizens of different States.

6. The amount in controversy—measured by the benefits Maslonka will receive and/or the harm he will avoid if given the relief he requests, or by the value the parties attribute to the contractual rights at issue—exceeds the sum or value of $75,000.

7. Venue and personal jurisdiction are proper in this judicial district, because the parties agreed to resolve their differences under the Merger Agreement in Miami-Dade County, MasTec's principal place of business is in this district, and MasTec's conduct complained of in this Complaint occurred within this district.

8. The declaratory relief requested in this Complaint is authorized by 28 U.S.C. §§2201 and 2202, and by Federal Rule of Civil Procedure 57.

## BACKGROUND

9. Maslonka has longstanding experience related to the construction of major electrical transmission projects. His experience includes overseeing several infrastructure projects throughout the United States critical to the American electrical power grid. He also has been a principal or held senior management positions at several companies, including publicly traded entities, engaged in engineering, designing, and constructing electrical transmission-related projects.

10. In 2009, a company in which Maslonka was a principal, EC Source Services, LLC ("EC Source"), entered the market for the construction of major electrical transmission projects. In 2010, EC Source, several of its affiliates, Maslonka, and other individuals entered into the Merger Agreement with MasTec. The Closing Date of the Merger Agreement was May 1, 2011.

11. Under the Merger Agreement, EC Source and certain of its affiliates would merge into MasTec, a publicly traded entity.

12. The Merger Agreement provided consideration worth millions of dollars to Maslonka or entities in which he held a stake. Maslonka, in return, consented to the merger on behalf of himself and EC Source and further agreed to certain restrictive covenants.

13. Maslonka and MasTec also entered into an Employment Agreement dated as of November 16, 2010, but with an Effective Date delayed until the May 1, 2011 Closing Date.

14. The restrictive covenants in the Merger Agreement included a "Noncompetion" covenant that prohibited Maslonka from engaging in a broad range of activities, including but not limited to having an ownership or management interest in, employment relationship with, or otherwise supporting any entity that competes directly or indirectly with MasTec anywhere in the United States, Mexico, or Canada. According to its terms, the Noncompetition covenant, set forth in section 5.2.1 of the Merger Agreement, was to continue "through the later of the seven-year anniversary of the Closing Date or 24 Months after [Maslonka's] termination of employment."

15. Upon the merger, Maslonka became a MasTec employee, with senior management responsibilities, and entitled to an annual base salary of $300,000, plus other benefits. In 2012, Maslonka requested and the parties mutually agreed that he would relinquish all management responsibilities and his salary would be reduced to $1 per year, plus comprehensive health benefits.

16. In 2014, Maslonka deliberately ceased receiving any insider or other confidential MasTec-related information.

17. On November 16, 2015, Maslonka formally terminated his employment relationship with MasTec. He sent a letter that day to MasTec's General Counsel, which was captioned as a "***Notice of Termination***." Maslonka's letter informed MasTec: "The Term of my Employment Agreement ends today, and this is a 30-day notice that I do not intend to renew the Agreement or otherwise continue as a MasTec employee." The letter went on to explain: "By way of any formal termination or transition, I do not have any MasTec phone, credit card, laptop or staff, and, in fact, have not been in substantive contact with corporate management or receiving any confidential information for the last two years. If MasTec has any questions that need to be addressed in the thirty-day period, please let me [or my lawyers] know."

18. MasTec never responded to the November 16, 2015 Notice of Termination or contacted Maslonka about it.

19. Maslonka did not compete with MasTec or otherwise act contrary to his Noncompetition covenant with MasTec during the 24-month period after his employment with MasTec formally ended in 2015. Nor did Maslonka compete with MasTec or otherwise act

contrary to his Noncompetition covenant during the seven-year period after the Closing Date, which expired on May 1, 2018.  At all times, Maslonka honored the Noncompetition covenant.

20. Maslonka's Employment Agreement with MasTec also contained restrictive covenants with a term of one-year following the termination of Maslonka's employment.  At all times, Maslonka honored the restrictive covenants in his Employment Agreement.

21. After the seven-year anniversary of the Closing Date occurred on May 1, 2018, marking the end of the longest possible applicability of the Noncompetition covenant, Maslonka (and/or entities with which he is affiliated) invested in and consulted with a newly formed entity, Spartan Infrastructure, Inc. Spartan Infrastructure intends to seek and obtain contracts for the construction of major electrical transmission projects.

22. On August 21, 2018, with no advance notice or inquiry, Maslonka received a letter dated August 20, 2018 from counsel for MasTec.  The letter asserted that Maslonka remains bound by, and due to his involvement with Spartan Infrastructure is in violation of, the Noncompetition covenant.  According to the letter, Maslonka's employment with MasTec ended in December *2016* and that he cannot compete with MasTec until 24 months from that date—i.e., until December 2018.

23. A true and correct copy of the August 20, 2018 letter is attached as Exhibit A.

24. MasTec's August 20, 2018 letter does not acknowledge Maslonka's Notice of Termination sent in November *2015*, and thus the 24-month period expired, at the latest, in December 2017.

25. In response to the August 20, 2018 letter, counsel for Maslonka reached out to counsel for MasTec to explain that the premise for MasTec's position—that Maslonka was employed at MasTec until December 2016—was inaccurate and requested that MasTec provide the basis for its assertion.  MasTec, however, failed to provide the requested information or otherwise substantively respond to Maslonka's request.

26. On August 27, 2018, counsel for Maslonka wrote a letter to MasTec explaining that Maslonka's employment formally ended in December 2015 and that MasTec could easily confirm that Maslonka had engaged in no employment-related functions for MasTec in 2016.

27. A true and correct copy of the August 27, 2018 letter is attached as Exhibit B.

28. Given the interference and uncertainty caused by MasTec's August 20, 2018 letter, Maslonka demanded that MasTec withdraw the letter and its accusation claim that Maslonka had breached, or is in breach of, the Noncompetition covenant or any other restrictive covenant owed to MasTec. The letter set a deadline of August 31, 2018 for MasTec to respond to the demand. MasTec failed to respond to the letter, explain its position, or withdraw its accusation by August 31, 2018 or as of the filing of this Complaint.

29. Despite being groundless, MasTec's letter and accusation have, by design, created uncertainty as to whether the Noncompetition covenant is still in effect and whether Maslonka can continue his involvement with Spartan Infrastructure without violating the Noncompetion covenant. MasTec's conduct jeopardizes Maslonka's investment in Spartan Infrastructure by impacting the company's ability to seek and obtain financing, bonding, or contracts for projects. MasTec's conduct also impacts Maslonka's and Spartan Infrastructure's relationships with engineering and other professionals, recruitment of key personnel, and vendors. MasTec's conduct violates the implied covenant of good faith and fair dealing.

## COUNT I

### (Declaratory Judgment that the Noncompetition Covenant Has Expired)

30. Maslonka incorporates by reference paragraphs 1 through 29.

31. This is a claim for declaratory relief brought against MasTec pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, which empower this Court to declare the rights and legal relations of the parties.

32. An actual case or controversy exists concerning whether the Noncompetition covenant has expired, and declaratory relief would resolve the controversy and relieve one or both parties of uncertainty, economic damage, and risk of economic damage.

33. There is a substantial likelihood that Maslonka will suffer injury in the future, if the court does not determine the rights and obligations in dispute as set forth in this Complaint, because Maslonka is currently involved with the Spartan Infrastructure program, which presently maintains pending deadlines concerning financing, bonding and project contracts, which are all affected by the adverse position taken by MasTec.

34. Public policy favors Maslonka's right to earn a living and to compete with MasTec after the expiration of the Noncompetition covenant.

35. Accordingly, Maslonka requests a declaration that the Noncompetition covenant expired no later than May 1, 2018 and that MasTec's claim that he has breached, or is in breach, of the Noncompetition covenant is false.

## COUNT II

**(Declaratory Judgment that the Noncompetition Covenant Cannot Be Enforced)**

36. Maslonka incorporates by reference paragraphs 1-35 of this Complaint.

37. The Merger Agreement provides that it is governed by Florida law. Under Florida law, a restrictive covenant cannot be enforced merely to preclude competition *per se*, but rather only when and to the extent that enforcement will protect a legitimate business interest.

38. Protecting goodwill associated with the sale of a business is a legitimate business interest. Given the goodwill transferred to MasTec in the Merger Agreement, Maslonka agreed not to compete with MasTec for seven years from the merger's Closing Date. He honored that agreement.

39. Protecting confidential business information is also a legitimate business interest. Maslonka, however, ceased receiving confidential MasTec business information no later than 2014.

40. Maslonka had no employment-related interaction with MasTec's customers or key vendors after 2014.

41. Maslonka performed no employment-related duties for MasTec in 2016.

42. Accordingly, as alternative relief, Maslonka seeks a declaration that the Noncompetition covenant may not presently be enforced against him because such enforcement would not serve any legitimate business interest of MasTec.

43. Instead, enforcement of the Noncompetition covenant would merely serve to prevent competition *per se*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Maslonka respectfully requests judgment against MasTec as follows:

A. A declaratory judgment that the Noncompetition covenant in the Merger Agreement has expired and that Maslonka has not breached the covenant;

B. A declaratory judgment that the Noncompetition covenant cannot presently be enforced because enforcement would not validate any legitimate business interest;

C. For an order accelerating or otherwise prioritizing this matter on the Court's docket in order to ensure that justice is served and consistent with the purposes underlying the declaratory judgment remedy;

D. A permanent injunction enjoining MasTec from further communicating that Maslonka is bound by or in breach of the Noncompetition covenant;

E. For an award of reasonable attorneys' fees and costs to the extent allowed at law or under the parties' agreements, as applicable; and

F. For such other relief as the Court deems appropriate.

Dated:  September 11, 2018.

                Respectfully submitted.

By:  /s/ *Roy E. Fitzgerald*
      Roy E. Fitzgerald (Fla. Bar No. 856540)
      Jennifer Perrone (Fla. Bar No. 116823)
      MRACHEK, FITZGERALD, ROSE,
      KONOPKA, THOMAS & WEISS, P.A.
      505 South Flagler Drive, Suite 600
      West Palm Beach, FL. 33401
      (561) 655-2250
      (561) 655-5537 FAX
      e-mail: rfitzgerald@mrachek-law.com
              jperrone@mrachek-law.com
      Secondary: gdavies@mrachek-law.com
                   abourget@mrachek-law.com

-and-

Randy Papetti (*pro hac vice pending*)
Bruce Samuels (*pro hac vice pending*)
Heather Stanton (*pro hac vice pending*)
e-mail: rpapetti@lrrc.com
       bsamuels@lrrc.com
       hstanton@lrrc.com
Secondary: pvejar@lrrc.com
LEWIS, ROCA, ROTHGERBER CHRISTIE, LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 262-5311
(602) 262-5747 Fax

***Counsel for Plaintiff, Martin Maslonka***